ORIGINAL

Approved: _Brad F Qy_
　　　　　　 BRENDAN F. QUIGLEY
　　　　　　 Assistant United States Attorney

DOC # ___/___

Before:　　RONALD L. ELLIS
　　　　　　 United States Magistrate Judge
　　　　　　 Southern District of New York

14 MAG　662

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
　　　　　　　　　　　　　　　　　　　　 :
UNITED STATES OF AMERICA　　　　　　 :
　　　　　　　　　　　　　　　　　　　　 :　　**SEALED**
　　　　　　　　 - v. -　　　　　　　　 :　　**COMPLAINT**
　　　　　　　　　　　　　　　　　　　　 :　　Violation of 18
KATHERINE CHAN LO and　　　　　　　　 :　　U.S.C. § 1623
YOOROK JUNG,　　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　 :　　COUNTY OF OFFENSE:
　　　　　　　　 Defendants.　　　　　　 :　　NEW YORK
　　　　　　　　　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　 :
-------------------------------------X

SOUTHERN DISTRICT OF NEW YORK, ss.:

　　　　　STEFANO BRACCINI, being duly sworn, deposes and says
that he is a Criminal Investigator with the United States
Attorney's Office for the Southern District of New York (the
"USAO") and charges as follows:

COUNT ONE

　　　　　1.　　On or about August 1, 2012, in the Southern District
of New York, YOOROK JUNG, the defendant, having taken an oath to
testify truthfully in a proceeding before a court of the United
States sitting in the Southern District of New York, knowingly
did make false material declarations, to wit, JUNG testified in
a federal civil proceeding under oath that she practiced law
from Room 504 at 45 West 34th Street, New York, New York for
"the IRS and stuff," when, in truth and fact there are no law
offices at that location.

　　　　　(Title 18, United States Code, Section 1623.)

### COUNT TWO

2.    On or about March 8, 2013, in the Southern District of New York, KATHERINE CHAN LO, the defendant, in a declaration under penalty of perjury pursuant to Title 28, United States Code, Section 1746, in a proceeding before a court of the United States sitting in the Southern District of New York, knowingly did make a false material declaration, to wit, CHAN LO stated, in a declaration under oath, that "As of March 19, 2012, I was working for the Company International Accounting Consultants Inc., as an accounting clerk, at its offices at 45th [sic] West 34th Street, suite number 505, New York, NY 10001 . . . .  On March 19, 2012, I spent the entire day in the office . . .," when in truth and fact she did not.

(Title 18, United States Code, Section 1623.)

The bases for my knowledge of the foregoing charges are, in part, as follows:

3.    I am a Criminal Investigator with the USAO, and I have been personally involved in this investigation.  The information contained in this affidavit is based upon my personal knowledge, as well as on my conversations with other law enforcement agents, and my review of documents and records gathered during the course of this investigation, as well as information obtained, directly or indirectly, from other sources.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all of the facts that I have learned during the course of the investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4.    Based on, among other things, my review of court documents, I know that in or about June 2012, a civil action was filed in the Southern District of New York (the "Civil Action"). In substance, the plaintiffs alleged that the defendants had sold counterfeit watches.  Further, based on my review of court documents and my conversations with representatives of the plaintiffs, I have learned the following:

a.    "Katherine Chan Lo" was a named defendant in the Civil Action.

        b.   KATHERINE CHAN LO, the defendant, claimed, however, in substance, that she was not the "Katherine Chan Lo" named in the complaint in the Civil Action.

     5.   On or about August 1, 2012, a U.S. District Judge sitting in this District held an evidentiary hearing to determine whether KATHERINE CHAN LO, the defendant, was the "Katherine Chan Lo" named in the Civil Action (the "August 1 Hearing").  I have reviewed a transcript of the August 1 Hearing and have learned the following:

        a.   The plaintiffs called two private investigators as witnesses ("Investigator-1" and "Investigator-2," collectively the "Investigators").

        b.   The Investigators testified, among other things, that on March 19, 2012, they attempted to purchase counterfeit watches at a store on Mott Street in Manhattan (the "Store").

        c.   Investigator-1 testified, in substance and relevant part, that he agreed with the proprietor of the Store to purchase 68 watches for $6,800.  Investigator-1 testified that he then left the Store for a time while Investigator-2 remained inside.

        d.   Investigator-2 testified that, while waiting in the Store for Investigator-1 to return, he saw a woman come into the Store and deliver a plastic bag to the proprietor, which was put under the store's counter.  The woman then left the Store.

        e.   Investigator-1 also testified that, after he left the Store, he received a phone call from the proprietor informing him that a woman had just come into the store and delivered additional watches.  Investigator-1 then returned to the store but the woman had left.

        f.   Investigator-2 testified that he positively identified a photograph of CHAN LO as the woman who came into the Store on March 19, 2012.  Further, during the August 1, 2012 hearing, Investigator-2 made an in-court identification of CHAN LO as the woman who had come into the Store on March 19.

6.   I have further learned, based on a review of the transcript of the August 1 Hearing, that, as part of her argument that she was not the person named in the complaint in the Civil Action, KATHERINE CHAN LO, the defendant, through her attorneys, attempted to establish that she was not the woman who came into the Store on March 19.   Instead, CHAN LO argued that she worked at an office at 45 West 34th Street in Manhattan.   In support of her argument, CHAN LO called multiple witnesses, including YOOROK JUNG, the defendant.   Based on a review of JUNG's testimony, I have learned that:

a.   JUNG testified that she is a lawyer admitted to the New York bar.

b.   JUNG testified that, on March 19, 2012, she was working at 45 West 34th Street; that CHAN LO, an accountant, was working with her the whole day; and that CHAN LO and she worked together in the same room.

c.   On cross-examination, JUNG was asked "What room do you practice law in at 45 West - - "?   JUNG answered, "504."   JUNG was then asked, "And you practice law from 504?"   JUNG responded, "Yeah, for IRS and stuff, yes."

7.   At the conclusion of the hearing, the District Judge found "by really clear and convincing evidence[,] far beyond a preponderance of the evidence, [that] Ms. Katherine Chan Lo is in fact the individual that is named properly in this complaint . . . ."

8.   I have also reviewed a March 8, 2013 affidavit submitted in the Civil Action "under penalty of perjury, pursuant to 28 U.S.C. § 1746," by KATHERINE CHAN LO, the defendant.   In the affidavit, CHAN LO states, "As of March 19, 2012, I was working for the company International Accounting Consultants Inc., as an accounting clerk, at its offices at 45th [sic] West 34th Street, suite number 505, New York, NY 10001 . . . . On March 19, 2013, I spent the entire day in the office . . . ."

9.   Another USAO Investigator and I later visited 45 West 34th Street on a weekday morning.   The door to suites 504 and 505 contains a sign for "International Accounting Consultants Inc."   However, based on my conversations with both the building superintendent for the address and a building security guard, I understand that there are no actual offices located in either Suite 504 or 505 and that there have not been any offices located in those suites for several years.

10.   As part of our investigation of this matter, I and other representatives of the USAO also made repeated attempts to speak to YOOROK JUNG, the defendant, through her counsel.  In the summer of 2013, days before a scheduled meeting with JUNG, we were informed that JUNG had changed attorneys.  We spoke with her new attorney (the "New Attorney") about the case and agreed to postpone the meeting.  However, based on my review of travel records and my conversations with another investigator in the United States Attorney's Office, I have learned that within days of our speaking to the New Attorney, JUNG flew from John F. Kennedy International Airport to Incheon International Airport, Republic of Korea, and has yet to return.

WHEREFORE, deponent prays that arrest warrants be issued for KATHERINE CHAN LO and YOOROK JUNG, the above-named defendants, and that they be arrested and imprisoned, or bailed, as the case may be.

STEFANO BRACCINI
CRIMINAL INVESTIGATOR
UNITED STATES ATTORNEY'S OFFICE


Sworn to before me this
2nd day of April, 2014

RONALD L. ELLIS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK