UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA,                     :

        Defendant,                                 :   INDEX NO. 14 Cr. 491 (VSB)

   -against-                                           :   NON-PARTY GOOGLE INC.'S
                                                                            MEMORANDUM OF LAW IN SUPPORT
KATHERINE CHAN LO,                             :   OF MOTION TO QUASH SUBPOENA
                                                                            FOR TESTIMONY
        Defendant.                                  :

                                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## NON-PARTY GOOGLE INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA FOR TESTIMONY

### I.    INTRODUCTION

Fed. R. Evid. 902(11) is intended to obviate the need for a live witness to authenticate business records. To that end, Google Inc. ("Google") provided the Government with a 902(11) declaration to authenticate and admit certain business records that the government intends to use at trial. Despite the dictates of Rule 902(11), the government has served non-party Google with a witness subpoena to authenticate those records (hereafter, the "Witness Subpoena"). *See* Exhibit 1 to the Declaration of Despina Papageorge ("Papageorge Decl."). The Witness Subpoena demands that Google send one of its California-based records custodians to New York to testify in this case. Google understands that the Government seeks testimony solely to establish the authenticity of the records produced—records within the ambit of Rules 803(6) and 902(11). Google has attempted to resolve this issue without motion practice, but the Government has not only demanded that Google refrain from raising this issue with the Court, it has also repeatedly

threatened to punish Google for raising this issue by requiring Google to send a witness to appear each and every day of trial, starting with jury selection.

Google submits that the Witness Subpoena be quashed as unreasonable and oppressive because Google's business records can be authenticated and admitted without live testimony. *See* Fed. R. Cr. P. 17(c)(2). Should the Court determine that Google's appearance is necessary, Google respectfully requests that the Court order the Government to coordinate Google's appearance so as to minimize the burden on Google and this Court.

## II.    FACTUAL BACKGROUND

On or about August 7, 2014, Google received a subpoena from the Government for certain business records related to a Gmail account. *See* Papageorge Decl., ¶ 4. On August 25, 2014, Google produced a file containing responsive records to the Government, along with a certificate of authenticity consistent with Rules 803(6) and 902(11). *Id.*, Exh. 2.

On September 15, 2015, Google received a Witness Subpoena from the United States Attorney's Office, Southern District of New York, pursuant to Rule 17 of the Federal Rules of Criminal Procedure. *See* Papageorge Decl., Ex. 1. The Witness Subpoena demands that Google's Custodian of Records appear and testify at trial regarding its production in response to the prior subpoena. Google understands that the Defendant has refused to stipulate to the authenticity of the records, and that the Government therefore seeks a Google witness because the Government believes that Defendant may object to their admission absent live testimony. *See* Papageorge Decl., ¶ 5. Google has sought to resolve this matter without motion practice and has asked the Government to withdraw the subpoena. *See* Declaration of John R. Tyler in Support of Non-Party Google Inc.'s Motion to Quash Subpoena for Testimony ("Tyler Decl."), ¶ 1-5, Exh. 1. Far from withdrawing the subpoena, the Government has repeatedly demanded that Google refrain from filing any motion in this case, and—ostensibly in an attempt to prevent Google from

raising these issues with the Court—has threatened to compel Google to send a witness to sit in the courtroom throughout the entire two-week trial if Google indeed files a motion. *Id.*, ¶¶ 4-5, Exh. 1. The Government has thus refused Google's express offer to coordinate its appearance while this Motion is pending.[1] *Id.*

However, no issue has been raised as to the regularity, completeness or authenticity of the records. Google has attempted to resolve this matter to no avail, and therefore files this Motion to Quash.

### III.   ARGUMENT

Federal Rule of Criminal Procedure 17(c)(2) permits a court to "quash or modify [a] subpoena if compliance would be unreasonable or oppressive." *See, e.g., U.S. v. Bergeson*, 425 F.3d 1221, 1227-28 (9th Cir. 2005) (upholding a district court order quashing a subpoena for testimony pursuant to Fed. R. Crim. P. 17(c)(2)); *U.S. v. Washington*, No. CR 11–61–M–DLC, 2012 WL 3061519 (D. Mont. July 26, 2012) (granting motion to quash witness subpoena under Rule 17(c)(2)); *U.S. v. Weldon*, No. CRIM.A. 05-45-DLB, 2006 WL 905932, at *1 (E.D. Ky., Apr. 7, 2006) ("the Court has the inherent authority to review the propriety of trial subpoenas.").

**A.   The Witness Subpoena Seeks Duplicative and Unnecessary Testimony**

Federal Rule of Evidence 803(6) provides an exception to the hearsay rule for records of regularly conducted activity. This exception applies if:

> **(A)** the record was made at or near the time by — or from information transmitted by — someone with knowledge;
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

---

[1] Specifically, the Government has stated that while it intends to coordinate witness appearance scheduling with all other witnesses, it will refuse any attempt by Google to schedule its appearance while this Motion is pending. Tyler Decl., ¶¶ 4-5, Exh. 1. Moreover, should the Court deny Google's Motion, the Government plans to insist that Google appear each and every day of this anticipated two-week trial, starting with jury selection. *Id.*

**(C)** making the record was a regular practice of that activity;
**(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, *or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification*
**(E)** the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6) (emphasis added).

Under Federal Rule of Evidence 902(11), extrinsic evidence of authenticity is not required for admissibility with respect to the following:

**(11) Certified Domestic Records of Regularly Conducted Activity.**—The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court.  Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them.

Here, the documents produced contain information recorded by Google servers automatically at the time, or reasonably soon after, it was entered or transmitted by the user. *See* Papageorge Decl. Ex. 2; *see also* Fed. R. Evid. 803(6)(A),(B). The records were kept in the course of regularly conducted activity by Google, and were made in the course of regularly conducted activity as a regular practice by Google. *See* Papageorge Decl. Ex. 2; *see also* Fed. R. Evid. 803(6)(C),(D). Google is aware of no showing of untrustworthiness. *See, e.g.*, Fed. R. Evid. 803(6)(E). Accordingly, there can be no dispute that the documents produced by Google are business records under Rule 803(6), or that Google's declarations comply with Federal Rule 902(11). Therefore, the documents produced by Google have been authenticated and the Government's request for further testimony as to their authenticity is duplicative and unreasonable.

The Supreme Court's decisions in *U.S. v. Melendez-Diaz*, 557 U.S. 305 (2009) (upholding Confrontation Clause challenge against admission of analyst report attesting that

the substance analyzed was cocaine) and *Bullcoming v. New Mexico*, 131 S.Ct. 2705 (2011) (upholding Confrontation Clause challenge against admission of blood alcohol analysis) do not change this analysis, because those cases concerned reports expressly produced for purposes of a criminal proceeding. By contrast, and as explained in *Melendez-Diaz*, "[b]usiness and public records are generally admissible absent confrontation" because they are "created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial" and are therefore "not testimonial." *Melendez-Diaz*, 557 U.S. at 324. Multiple Courts of Appeal have acknowledged that under *Melendez-Diaz* business records are properly admitted via certificate absent live testimony. *U.S. v. Davis*, 531 Fed. Appx. 65, 69 (2d Cir. 2013) (rejecting appeal under the Confrontation Clause, and upholding admission of video surveillance footage without live testimony of video technician, noting that "the primary purpose" of the footage was "related to the safety and security . . . not [ ] establishing or proving some fact at trial.") (unpublished); *U.S. v. Qualls*, ___ Fed. Appx. ___, 2015 WL 3405295 at *2 (May 28, 2015) (rejecting appeal under the Confrontation Clause, and upholding admission of business records based on authenticating certificate) (unpublished); *U.S. v. Towns*, 718 F.3d 404, 409 (5th Cir. 2013) (rejecting Confrontation Clause challenge from defendant and upholding admission of drug purchase logs, stating that "[a] proper foundation is laid for business records simply by an affidavit that attests to the requisite elements of FRE 803(6)."); *U.S. v. Anekwu*, 695 F.3d 967 (9th Cir. 2012) (rejecting Confrontation Clause challenge from defendant and upholding admission of foreign mailbox applications and banks records authenticated by certificate from records custodian, noting that use of certificates is permissible where the purpose is solely to authenticate records and not to establish facts); *U.S. v. Yeley-Davis*, 632 F.3d 673, 677-81 (10th Cir. 2011) (rejecting

Confrontation Clause challenge from defendant and upholding admission of phone records authenticated by 902(11) declaration from Verizon's records custodian); *U.S. v. Green,* 396 Fed. Appx. 573, 574-75, 2010 WL 3401485, at *2 (11th Cir. 2010) (same as to declaration from Metro PCS custodian) (unpublished); *U.S. v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005) (requiring records custodians "to make themselves available for cross-examination in the countless criminal cases heard each day in our country would present a serious logistical challenge without any apparent gain in the truth-seeking process") (internal quotation marks omitted).[2]

Indeed, to compel Google to send a witness to provide live testimony would defeat the purpose of Rule 902(11), as noted by one of its drafters:

> One of the most useful (though perhaps least noticed) accomplishments of the Judicial Conference's Advisory Committee on the Rules of Evidence during this Court's tenure as its Chairman was in adding a new Rule 902(11) to the self-authentication provisions of Rule 902. That new provision was intended to obviate the need for live witnesses to parade to the stand to support the admission into evidence of business records.

*United Asset Coverage, Inc. v. Avaya Inc.,* 409 F. Supp. 2d 1008, 1052 (N.D. Ill. 2006); *see also Lorraine v. Markel American Insurance Co.,* 241 F.R.D. 534, 552 (D. Md. 2007) ("Rule 902(11) also is extremely useful because it affords a means of authenticating business records under Rule 803(6), one of the most used hearsay exceptions, without the need for a witness to testify in person at trial"); *DirecTV, Inc. v. Reyes,* No. 03 C 8056, 2006 WL 533364, at *3 (N.D. Ill. Mar. 2, 2006) ("The purpose of Rule 902(11) . . . is to establish a 'procedure by

---

[2] *Cf. U.S. v. Marshall*, No. 07-20569-CR, 2008 WL 2474662, at *2 (S.D. Fla. June 17, 2008) (ordering "issuance of a subpoena to the records custodian of Yahoo, accompanied by an appropriate Affidavit for the records custodian to complete to establish the authenticity of these [email] records to obviate the need for the appearance of the records custodian at trial."); *U.S.. v. Doolittle*, 341 F. Supp. 163, 169 (M.D. Ga. 1972) (quashing witness subpoena where the only possible relevant testimony would involve ministerial matters already covered by an affidavit before the court), *judgment aff'd*, 507 F.2d 1368 (5th Cir. 1975), *on reconsideration*, 518 F.2d 500 (5th Cir. 1975) *and cert. dismissed*, 423 U.S. 1008, 96 S. Ct. 439, 46 L. Ed. 2d 380 (1975); *see also* 7 Fed. Proc. Forms § 20:485 ("a subpoena to testify may be quashed where . . . the only possible relevant testimony would involve material already covered by an affidavit before the court").

which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness.'") (quoting Advisory Committee Notes, 2000 Amendments to Rule 902).

### B. The Witness Subpoena Imposes a Burden on Google That Outweighs the Government's Need for Testimony

In assessing whether to enforce a witness subpoena under Federal Rule of Criminal Procedure 17, it is useful to look to precedent under Federal Rule of Civil Procedure 45, since the two are "substantially the same." *See* Advisory Committee Notes, 1944 Adoption of Rule 17.

Under Federal Rule of Civil Procedure 45, "the test for 'undue burden' is a balancing test that pits the need of the party for the sought production against the interests of the subpoenaed witness in resisting compliance." *See* 9 James Wm. Moore et al., Moore's Federal Practice § 45.32 (3d ed. 2007) *citing Positive Black Talk, Inc. v. Cash Money Records, Inc.,* 394 F.3d 357, 377 (5th Cir. 2004); *Northwestern Mem'l Hosp. v. Ashcroft,* 362 F.3d 923, 927-28 (7th Cir. 2004); *Heidelberg Ams., Inc. v. Tokyo Seisakusho, Ltd.* 333 F.3d 38, 40 (1st Cir. 2003); *see also Schaaf v. SmithKline Beecham Corp.*, No. 3:06-CV-120-J-25TEM, 2006 WL 2246146, at *2-3 (M.D. Fla. Aug. 4, 2006) (applying balancing test in quashing non-party subpoena).

The Government cannot demonstrate an interest in enforcing the Witness Subpoena beyond that which has already been proven: the documents produced by Google are authentic business records under Federal Rules of Evidence 803(6) and 902(11). Google understands that the Government seeks live testimony primarily because it is concerned that Defendant will unreasonably argue that a declaration is inappropriate for some unexpressed reason. But while Defendant "may dispute the authenticity of the records at trial, they are admissible with

or without [Defendant's] cooperation." *Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, ___ F. Supp. 3d ___, 2015 WL 4967280 at *3 (N.D. Cal. 2015) (quashing subpoena to Dropbox as "duplicative and unnecessarily burdensome" because Dropbox already "provided the required authentication.").

Google, on the other hand, can demonstrate a significant interest in opposing the Witness Subpoena. Specifically, Google maintains a dedicated team for responding to legal process. *See* Papageorge Decl. ¶ 2. Google's California-based team receives literally tens of thousands of requests for assistance on an annual basis. *Id*. The types of investigations that lead to these requests run the gamut from drug cases, kidnapping and other emergencies, to routine civil and criminal demands for records. *Id*. Numerous courts throughout the country have accepted Google's declarations of authenticity for business records pursuant to Rule 902(11). *Id*. If courts suddenly refused to accept Google's declarations of authenticity, and Google was therefore forced to send a witness (or witnesses) to attend each and every criminal trial in which its business records are offered as evidence, it would simply be impossible for Google to sufficiently staff its team. *Id*.

Accordingly, when the Government's tenuous interest in enforcing the Witness Subpoena is weighed against non-party Google's interest in seeing that it is not enforced, the balance favors Google.

**C.    If the Court Requires Google's Appearance, It Should Also Require the Government to Coordinate With Google**

As punishment for Google's filing this Motion, the Government improperly seeks to *increase* the burden on Google. Tyler Decl., ¶ 4-5, Exh. 1. Google has offered to coordinate its appearance with the Government while this motion is pending, as the Government intends to do with all other custodial witnesses, but the Government has refused to do so. *Id*. More, the

Government has expressly said that if the Court denies Google's Motion, the Government intends to require Google's appearance each and every day of a two-week trial, ostensibly as a threat designed to force Google not to raise its concerns with the Court. *Id*.

The government's behavior is patently abusive. Indeed, its refusal to coordinate is "unreasonable," and its desire to punish Google for making a legal argument is "oppressive." Fed. R. Crim. P. 17(c)(2); *Cf. Bergeson,* 425 F.3d 1221, 1225 ("Rule 17(c)(2) requires a discretionary, case by case inquiry," noting that a subpoena is "unreasonable" if it is unnecessary). Google's motion presents no impediment to scheduling its appearance while the motion is pending—indeed, the Government is already coordinating with over a dozen other witnesses. Tyler Decl., ¶ 5, Exh. 1. Should the Court determine that Google's appearance is necessary to authenticate the records, Google respectfully requests that the Court order the Government to coordinate with Google to avoid imposing an "unreasonable and oppressive" burden on non-party Google.

## IV.   CONCLUSION

For the reasons stated, Google respectfully submits that the Witness Subpoena is unreasonable and oppressive and requests that it be quashed in its entirety.  In the alternative, should the Court determine that Google's appearance is necessary, Google respectfully requests that this Court order the Government to coordinate Google's appearance as it would any other custodial witness.

Dated: September 24, 2015                     Respectfully submitted,

                                                  PERKINS COIE LLP

                                                  By: */s/ Jeffrey D. Vanacore*
                                                       Jeffrey D. Vanacore
                                                       jvanacore@perkinscoie.com

                                                  30 Rockefeller Plaza, 25th Floor
                                                  New York, New York  10112
                                                  Tel.: (212) 262-6900
                                                  Fax: (212) 977-1649

                                                  Attorneys for Google Inc.


## L. Cr. R. 16. 1 CERTIFICATE OF CONFERENCE OF COUNSEL

     Counsel for Google Inc., John R. Tyler, conferred with Assistant U.S. Attorneys Jennifer Gachiri and Janis Echenberg multiple times between September 21, 2015 and September 24, 2015, regarding the witness subpoena that is the subject of the foregoing motion to quash. Upon request to withdraw the subpoena to avoid the motion, AUSAs Gachiri and Echenberg indicated that the United States will not withdraw the subpoena and is therefore OPPOSED to the motion.

                                                                        */s/ John R. Tyler*
                                                                        John R. Tyler
                                                                        Counsel for Google Inc.