# Perlmutter & McGuinness, P.C.
## Attorneys At Law

**260 Madison Avenue, Suite 1800**
**New York, NY 10016**
**Tel. (212) 679-1990**
**Fax. (888) 679-0585**

Adam D. Perlmutter, esq.                                                                                             Of Counsel
Daniel A. McGuinness, Esq.                                                                                  Paul Greenfield, Esq.

September 29, 2015

***VIA ECF***

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States CourtHouse
40 Foley Square
New York, NY 10007

    ***Re:***    ***United States v. Katherine Chan Lo, Case No. 14-cr-491 (VSB)***

Dear Judge Broderick:

    I am counsel for Katherine Chan Lo in connection with the above matter. I am writing following today's final pretrial conference to delineate further objection to the government admitting into evidence a May 21, 2012 transcript from the case *Shiu, et al. v. New Peking Taste, Inc., et al.,* EDNY Case No. 11-cv-1175 (NGG), and a New York Bar application for Yoorok Jung. For the reasons stated herein, the government should be precluded from offering this evidence, because the materials do not establish the proposition purported by the government, namely, that Jung untruthfully denied having a relationship with attorney Jeffrey Neiman, Chan Lo's original attorney in the case pending before Judge Forrest.

    A review of the August 1, 2012 hearing transcript before Judge Forrest indicates that Ms. Jung never denied any knowledge of Mr. Neiman, just that she had no "dealings" with him.

    THE COURT: Actually, let me ask you a question. Do you work, Ms. Jung, for Mr. Neiman's office?

    THE WITNESS: No.

    THE COURT: Are you aware that Mr. Neiman is in the same building as you?

The Honorable Vernon S. Broderick
September 29, 2015
Page 2 of 5

>THE WITNESS: Yes.
>
>THE COURT: And do you work for anybody associated with Mr. Neiman, so far as you're aware?
>
>THE WITNESS: No, but I met him for testimony and then I know Katherine Lo retained him.
>
>THE COURT: Although you work at precisely the same address as Mr. Neiman happens to work, you had never seen him before?
>
>THE WITNESS: I saw him before.
>
>THE COURT: You saw him in elevators and things like that?
>
>THE WITNESS: Yes.
>
>THE COURT: Do you work on the same floor?
>
>THE WITNESS: No.
>
>THE COURT: You've never had any dealings with him before?
>
>THE WITNESS: No.

*See* August 1, 2012 Hearing Transcript at 128:21-129:17.

The government proffers the EDNY transcript to establish that Jung actually knew Neiman – a fact that she did not deny to Judge Forrest. Specifically, the government contends that Jung and Neiman appeared together as counsel in the EDNY action, and, therefore, Jung denying "dealings" with Neiman before Judge Forrest was untruthful. A close review of the EDNY transcript reveals, however, that Jung and Neiman *never* appeared together in that case. Rather, Jung originally represented defendant Gen Xue Shu, and Mr. Neiman substituted Jung as counsel, after another attorney working of counsel to Jung could not handle the representation:

>THE COURT:  I just want to establish the posture for all of the lawyers who are here who haven't been here with me before.  Originally, Mr. Neiman, you were the first lawyer?  There was another lawyer.
>
>MR. NEIMAN:  No, I wasn't the first lawyer.  It was Ms. Jung.
>
>THE COURT:  It was Ms. Jung.  Go ahead.

MS. [J]UNG:  My name is Yoo Jung.  I am an associate in my firm.  I haven't been admitted to the Eastern District.

* * *

MS. JUNG: . . . Mr. Shu, my client, Mr. Shu.  He came to me and brought me the letter, and said he received this letter from Brian Shenker.  I said I can take care of it.  He speak [sic] to me, and I speak very little Chinese, but with my staff help and Ms. Celis.

THE COURT:  Ms. Celis works for you?

MS. JUNG:  Of counsel to me.

* * *

MS. JUNG:  At the time I reached out to Ms. Lydia Celis, who is also admitted to the Eastern District Court.  She practiced law more than 10 years.  So I transferred the case to her.  She had full control of it.

At the time she was competent and I trusted her.  But my client got a heart attack.  So he came to me and wanted to get it over as soon as possible.  Well, I asked my client and Lydia Celis.  Okay, she said – my client does not owe anything to the plaintiff.  So I said, okay – I also noticed she had some problems.  She forgets things.  Like she forgot my last name, and she forgot things like deadlines.  Ever [sic] chance I see her she doze off.

THE COURT:  She does what?

MS. JUNG:  She doze off in my office.  So I realized, okay, I have to tell my client.  I have duty [sic].  So I refer to Neiman & Wang who has more experience and can better represent my client.  So Mr. Shu accepted my referral of Neiman & Wang.

THE COURT:  Okay.

MS. JUNG:  And they hired them.  He hired them.

THE COURT:  Stop for a minute.  So at that point your client wished to substitute Mr. Neiman's firm for your firm, is that right?

MS. JUNG:  I am sorry?

THE COURT:  At that point when you made the referral to Mr. Neiman –

The Honorable Vernon S. Broderick
September 29, 2015
Page 4 of 5

> MS. JUNG:  Neiman & Wang Associates.
>
> THE COURT:  Neiman & Wang Associates, your client wished to agree to substitute Mr. Neiman's firm for your firm to represent him.
>
> MS. JUNG:  Yes.

EDNY Tr. 4:2-6:12.

The transcript demonstrates that the government's reason for seeking its admission proffer is without basis.  Jung was not co-counsel with Neiman in the EDNY matter, and did not appear with him at the same time on behalf of the same client in that matter.  Rather, she referred a client to his firm for representation.  There is no indication from that she received any fees as a result of this referral.  To the extent that the government believes that Jung was untruthful because she answered in the negative to Judge Forrest's question of whether she had any "dealings" with Neiman, Judge Forrest's question was ambiguous and vague.  It is unclear whether she meant commercial legal dealings, or any relationship of any sort whatsoever.  As a result, admitting the transcript into evidence will require a trial-within-a-trial regarding what Judge Forrest meant by the term "dealings" and whether the response to the question was untruthful in light of the procedural posture of the EDNY matter.

For the same reason, Jung's New York Bar application should also be precluded because it does not support the government's contention that Jung's hearing testimony was false.  Jung's application indicates knowing Neiman for "2+ Years."  But Jung never denied knowing Neiman to Judge Forrest.  Rather, she denied having any "dealings" with Neiman.  Nothing in the bar application counters this proposition.   Specifically, Neiman states in the bar affidavit that he has known Jung.  But there is no statement of any business dealings with each other, or her having worked for him in any capacity:

> I have been friend [sic] with Ms. Yoorok Jung for more than two years. I think Ms. Jung could make a great lawyer.   She is also very honest and careful through out her school year.  I would like to recommend Ms. Yoorok Jung for admission to the BAR.

Since the proffered evidence does not support the proposition for which it is proffered, namely that Jung was untruthful in denying a prior relationship with Neiman, which she never testified to before Judge Forrest, both the transcript and bar application should not be admitted into evidence.

Respectfully submitted,

*[signature]*

Adam D. Perlmutter

The Honorable Vernon S. Broderick
September 29, 2015
Page 5 of 5


Cc:     All counsel (via ECF)